UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:      -CIV-

CARLOS MORALES,

    Plaintiff,

v.

CVS PHARMACY, INC.

    Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, CARLOS MORALES (hereafter referred to as "Plaintiff"), by and through his undersigned counsel, and hereby sues Defendant, CVS PHARMACY, INC. (hereafter referred to as "Defendant") and as grounds alleges:

### JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interest, costs, and attorney's fees for willful violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §1981, American with Disabilities Act of 1990, 42 U.S.C. Sec. 1211, et seq. ("ADA").

### PARTIES

2. Plaintiff, CARLOS MORALES, is an adult, male resident of Miami-Dade County, Florida.

3. Defendant, CVS PHARMACY is authorized to conduct business in Florida, and did at all material times, conduct substantial and continuous business in the Southern District of Florida.

4. Defendant was a "person" and/or "employer" pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §1981 since it employs fifteen or more employees for applicable statutory period; and it is subject to the employment discriminations provisions of the applicable statute.

5. At all times material hereto Plaintiff was an "employee" within the meaning of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §1981.

6. At all times material hereto, Plaintiff is an "employee" within the meaning of the ADA 42 U.S.C. Sec. 1211, *et seq*.

7. At all times material hereto, Defendant is an "employer" within the meaning of the ADA 42 U.S.C. Sec. 1211, *et seq*.

## JURISDICTION AND VENUE

8. This Honorable Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C.A. §1331, 1343, and 1367.

9. Venue is proper in the United States District Court of the Southern District of Florida under 28 U.S.C. §1391(b) and (c) because a substantial part of the events giving rise to the claim occurred in this district.

10. Plaintiff filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Humans Relations (FCHR).

11. Plaintiff files this complaint within 90 days after receiving a notice of right to sue from the EEOC.

12. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS

13. The Plaintiff is a Cuban Hispanic Male.

14. On or about the year 2015, Plaintiff began working for Defendant, CVS Pharmacy, as an inventory specialist.

15. Plaintiff was later transferred to a different CVS Pharmacy located in Fort Myers, which Nicole Alexander, was the store manager of that location.

16. Since the first day Plaintiff began working in the Fort Myers, Nicole Alexander, whom is American, created a hostile work environment against Plaintiff due to him being Hispanic and Homosexual.

17. Plaintiff spoke fluent English, however with a distinct accent due to him being from Cuba. Plaintiff was also HIV positive, a fact that Defendant's management was aware of.

18. Nicole Alexander would refuse to talk to Plaintiff directly, and expressly told him numerous times that that she never wanted to talk to him. Nicole Alexander would even get co-workers to convey messages to him to avoid any direct verbal contact with Plaintiff.

19. On one occasion, Plaintiff was speaking with a customer at the store who was asking where to find an over-the-counter medication. Such conversation was intervened abruptly by Nicole Alexander, which berated him in front of the customer telling him that he was not allowed to ever talk to customers.

20. Nicole Alexander would also send Plaintiff text messages with different work schedules that from the one that was posted within Defendant's computer system, which caused Plaintiff to be confused many times as to whether he had to go to work or not.

21. Nicole Alexander also once in front of other employees stated that Plaintiff was useless because Plaintiff did not possess a pharmacy technician's license, something that was not

required to work in his position. Plaintiff was highly humiliated by the comments made by Nicole Alexander in front of other co-workers.

22. The hostile workplace environment and constant harassment from Nicole Alexander caused Plaintiff to begin suffering from severe depression and persistent panic attacks.

23. After seeing doctors to help treat his severe depression and persistent panic attacks, Plaintiff informed Defendant of his situation and of the medication he is taking to treat his health issues that arose from the hostile workplace environment.

24. Instead of addressing the concerns brought up by Plaintiff about his deteriorating health or hostile workplace, Plaintiff was instead called into Defendant's lost prevention commission because there was missing medication, and he was suspected of robbery due to his admission to taking medication for severe depression and persistent panic attacks.

25. Plaintiff continued to be harassed by Nicole Alexander daily due to his medical condition, his accent, and also his sexual orientation. Plaintiff suspected that Nicole Alexander was making his work life as miserable as possible to force him to quit his job with Defendant.

26. On or around March 9, 2021, Plaintiff filed his first charge with the FCHR commission based on national origin, sexual orientation, and disability discrimination. After filing his first charge with the FCHR commission, Plaintiff's suffered from ever worsening hostile work environment at the hands of Nicole Alexander as response to filing his charge.

27. On or about July 13, 2021, as result of the extreme hostile work environment, Plaintiff was forced to take Family Medical Leave Act (FMLA) due to his deteriorating mental health stemming from the discriminatory situation.

28. Once Plaintiff was ready to return to work, Defendant was very reluctant to reinstate Plaintiff back to work. Defendant made Plaintiff's reinstatement back to work as difficult as possible without plausible reasoning.

29. Defendant requested medical documentation from Plaintiff numerous times to confirm what Plaintiff was going through was actually true. Plaintiff would send his medical documentation to Defendant, only for them to request the same information multiple times claiming they have never received the documentation.

30. Plaintiff noticed what is a simple and straightforward process that other similarly situation employees have gone through, ended up being a unnecessarily long and complicated process only for him, when it came to returning back to work from FMLA.

31. After almost a month without working, Plaintiff was finally summoned by Defendant on or about August 20, 2021, to discuss his return back to work.

32. When Plaintiff arrived to discuss his return back to work, he was met by an entire commission because purportedly, Plaintiff was falsifying prescriptions for drugs he was taking that were being fulfilled by Defendant.

33. Plaintiff explained to Defendant that his doctor prescribed the medication he was receiving and that he never falsified any prescription, and Defendant countered by saying that they called his clinic personally to verify the information but found it was not accurate.

34. Plaintiff then personally called his clinic to discuss the conflict that was being presented to him so he could clear his name. When speaking to the clinic, Plaintiff was notified that they never received any formal communication or request from the pharmacy or anyone working for Defendant in regard to a possible falsification of his prescription, and that they were not aware of what he was talking about.

35. At the end of the meeting, Plaintiff was wrongfully terminated by Defendant and was told to leave and go home.

36. As a result of Defendant's discriminatory treatment of the Plaintiff based on his national origin, disabilities, and sexual orientation, Plaintiff had suffered damages and was forced to retain undersigned counsel.

## COUNT I:
## NATIONAL ORIGIN DISCRIMINATION UNDER TITLE VII

37. Plaintiff realleges and reaffirms the allegations contained in the above paragraphs 1 through 36, as if fully set forth herein.

38. Defendant engaged in practices that willfully, intentionally, and unlawfully discriminated against Plaintiff based on his national origin. Defendant has engaged in a pattern of continuous discrimination against Plaintiff because she is of Cuban national origin.

39. Defendant was aware that Plaintiff was singled out for mistreatment in a discriminatory manner because of his national origin. Defendant participated in, were aware of, and/or allowed the discrimination. Defendant knew such actions were unlawful but acted in reckless disregard of the law.

40. Defendant's conduct complained of here was willful and in disregard of Plaintiff's protected rights.

41. Plaintiff would have continued in his employment with Defendant, entitled to his wages and benefits, but for the discriminatory conduct of Defendants.

42. As a direct and proximate result of Defendants' discriminatory acts and/or omissions, Plaintiff suffered an adverse employment action, termination, based on his national origin.

43. The conduct of Defendant, by and through the conduct of its employees, agents, and/or representatives, and the Defendant's endorsement of discriminatory activities, and

Defendant's failure to address, mitigate, and/or take remedial actions to prevent such discrimination toward Plaintiff, deprived Plaintiff of his statutory rights under federal and state law.

44. As a result of Defendant's acts and/or omissions, Plaintiff suffered both irreparable injury and compensable damages.

45. Plaintiff was forced to retain undersigned counsel to prosecute his claims and is entitled to attorneys' fees pursuant to 42 U.S.C.A. § 1988, the Civil Right Attorneys Fee Award Act.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter judgment for Plaintiff and against Defendant containing the following relief:

a. A declaratory judgment that the aforementioned actions, conduct, and practices of Defendants violate the laws of the United States and the State of Florida;

b. An award of damages in an amount to be determined at trial, plus pre-judgment interest, to compensate Plaintiff for all monetary and or economic harm;

c. An award of damages in an amount to be determined at trial, plus pre-judgment interest, to compensate Plaintiff for all non-monetary and/or compensatory harm, including, but not limited to, compensation for his mental anguish, humiliation, embarrassment, stress, anxiety, emotional pain and suffering, emotional distress, and /or physical injuries;

d. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus pre-judgment interest;

e. An award of punitive damages;

f. An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

   g. Such other and further relief as the Court may deem just and proper.

## COUNT II
## SEX/GENDER DISCRIMINATION UNDER TITLE VII

46. Plaintiff reasserts his allegations in paragraph 1-36 as fully set forth herein.

47. Section 2000e-2 of Title VII of the Civil Rights Act of 1964 states in relevant part:

> "(1) It shall be an unlawful employment practice for an employer:
>
> (a) To fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin."

48. Title VII accordingly prohibits discrimination based on sexual orientation.

49. The treatment to which Plaintiff was subjected by Defendant as set forth above and incorporated herein, was the result of Plaintiff's sexual orientation, which heterosexual individuals were not and would not have been subjected, in violation of Title VII.

50. Defendant's alleged basis for its adverse conduct against the Plaintiff and Plaintiff's discharge are pre-textual and asserted only to cover up the discriminatory nature of its conduct.

51. Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff and Plaintiff's constructive discharge, which reasons it does not have, Defendant's harassing conduct toward Plaintiff, and the aforementioned hostile workplace were also motivating factors for Defendant's adverse conduct toward Plaintiff and Plaintiff's discharge.

52. As a result of the harassing conduct to which the Plaintiff was subject and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages

and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages in the form of back-pay and front-pay, interest, lost benefits, and compensatory damages.

53. Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious conduct.

54. Plaintiff further seeks his attorney's fees and cost as permitted by law.

WHEREFORE, Plaintiff respectfully requests for the entry of a judgment against Defendant and an award of economic damages in the form of back-pay and front-pay, lost wages, interest, lost benefits, as well as compensatory damages, punitive damages and attorney's fees and costs as a result of Defendant's conduct in violation of Title VII.

## COUNT III
## DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

55. Plaintiff re-adopts each and every factual allegation stated in paragraphs 1-36 above as is set out in full herein.

56. Plaintiff is a member of a protected class under the ADA.

57. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's perceived disability and subjected Plaintiff to disability-based animosity.

58. Such discrimination was based upon the Plaintiff's perceived disability in that the Plaintiff would not have been the object of discrimination but for the fact of his medical condition.

59. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination

on the basis of Plaintiff's perceived disability was unlawful but acted in reckless disregard of the law.

60. At all times material hereto, the employees exhibiting discriminatory conduct towards the Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

61. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

62. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

63. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

64. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

65. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

66. The American with Disabilities Act, 42 U.S.C. Sec. 12101, et seq., prohibits employers from discriminating against qualified individuals because of a disability or perceived disability "in regard to job application procedures, the hiring, advancement, or discharge or employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. Sec. 12112.

67. Plaintiff was fully qualified to be employed by Defendant and could perform all the essential function of the position held with Defendant.

68. Defendant is a covered employer to which the ADA applies.

69. Defendant discharged Plaintiff from employment because of Plaintiff's perceived disability.

70. Defendant made no individualized assessment to determine whether Plaintiff could perform the essential functions of the job and be employed by Defendant, or whether a reasonable accommodation would enable his to be employed by Defendant, as required under the ADA.

71. Defendant's discharge of Plaintiff on the basis of his perceived disability and Defendant's failure to make an individualized assessment to determine whether Plaintiff could be employed or whether a reasonable accommodation would enable him to be employed by Defendant violated the ADA.

72. As a result of Defendant's actions, Plaintiff has suffered and will continue to suffer both economic and non-economic harm.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree the Defendant has violated the ADA, and has willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Respectfully submitted

By: /s/ *Elvis J. Adan*
Elvis J. Adan, Esq.
Fla. Bar No.: 24223

GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000
Facsimile: (305) 261-0088